In the Matter of the Application of FRANCIS G. WARD, as Commissioner of Public Works of the City of Buffalo, Appellant, for a Writ of Mandamus against THE ERIE RAILROAD COMPANY, Respondent.

Appeal by the complainant from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of the county of Erie on the 28th day of December, 1914, denying the application of the complainant for a peremptory writ of mandamus commanding the defendant to repair the bridge work of the bridge or viaduct carrying Chicago street over its tracks and right of way.

PER CURIAM: In view of the elaborate discussion of the questions involved in the action by Mr. Justice Woodward in his opinion delivered at Special Term (87 Misc. Rep. 365) we deem it sufficient to state our conclu-

---

* Added by Laws of 1910, chap. 494, as amd. by Laws of 1911, chap. 298.— [REP.

† Amd. by Laws of 1911, chap. 407.— [REP.

sions as follows: 1. That the contract by which the burden of constructing and maintaining the viaduct carrying the street over the railroad tracks was apportioned between the railroads and the city was entered into pursuant to competent authority conferred by legislative enactment. (*People ex rel. Simon* v. *Bradley*, 207 N. Y. 592.) 2. Whatever doubt existed as to the validity of the maintenance clause in question was removed by the act of the Legislature which ratified all such contracts. (Laws of 1911, chap. 358, § 15.) 3. Whether the Legislature can or should relieve the city from the burden of maintaining the structure as provided in the contract and place the burden upon the railroad companies we do not decide, as that question is not before us. We hold that the Legislature has not up to this time done so and that that provision is now operative and in full force and binding upon the city. 4. The order should, therefore, be affirmed, not as a matter of discretion, but upon the ground that the relator has failed to make out a case for a peremptory writ of mandamus. All concurred. Order affirmed, with costs, not in the exercise of any discretion, but upon the ground that the relator has failed to make out a case for a peremptory writ of mandamus.